THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. _____

MICHAEL FRIDMAN,

        Plaintiff,

v.

1-800-FLOWERS.COM, INC., and
800-FLOWERS, INC.,

        Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1332, 1441, 1446, and 1453, Defendants 1-800-Flowers.com, Inc. and 800-Flowers, Inc. (together, "1-800-Flowers") hereby remove this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division. In support of removal, 1-800-Flowers states as follows:

1.       On April 2, 2021, Plaintiff Michael Fridman, individually and on behalf of all others similarly situated, filed a complaint and commenced a civil action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, captioned *Fridman v. 1-800-Flowers.com, Inc. and 800-Flowers, Inc.*, case no. 2021-008034-CA-01 (the "State Court Action"). Plaintiff's complaint relates to his claim that 1-800-Flowers' use of session replay

software on its websites[1] violates the Florida Security of Communications Act, Florida Statutes sections 934.03 and 934.04.  (Comp. ¶¶ 1-5.)

2.1-800-Flowers was served on April 21, 2021.

3.True and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto as **Exhibit A**.  No other pleadings or motions have been filed in the State Court Action.

4.The basis for removal and this Court's original jurisdiction derives from 28 U.S.C. section 1332 as this is a purported class action in which the complaint alleges that "[m]embers of the Class number in the thousands" (Compl. ¶ 45), the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs (Compl. ¶¶ 69, 76), and this is a class action in which the plaintiff is a citizen of a State different from the defendants (Compl. ¶¶ 7-9).  Removal is proper under 28 U.S.C. section 1441 because this Court has original diversity jurisdiction over the underlying dispute pursuant to 28 U.S.C. section 1332(d)(2).

5.1-800-Flowers files this notice of removal within thirty days of service of the complaint on 1-800-Flowers.  28 U.S.C. § 1446(b)(3).

**Diversity Jurisdiction**

6.This action is properly removable under the Class Action Fairness Act, 28 U.S.C. section 1332, because (i) it is a purported class action, (ii) the putative class exceeds 100 individuals, (iii) the plaintiff is a citizen of a State different from the defendants, and (iv) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).

---

[1]The Complaint purports to allege claims relating to the 1-800-Flowers' websites 1800Flowers.com and 1-800-Flowers.com as well as websites for certain listed "Affiliated Brands."  (Compl. ¶ 1.)

7.      First, this case is a purported class action. The proposed class is composed of "Florida residents who visited the Websites, and whose electronic communications were intercepted or recorded by ForeSee on behalf of Defendants, without their prior consent…" (Compl. ¶ 41.)

8.      Second, the proposed class exceeds 100 individuals. (Compl. ¶ 45 (alleging that "[m]embers of the Class number in the thousands")); *see also* **Exhibit B,** Declaration of Arnold P. Leap, ¶ 2.)

9.      Third, the plaintiff is a citizen of a different State than the defendants. 28 U.S.C. § 1332(d)(2)(A). Plaintiff Michael Fridman is a citizen of Miami-Dade County, Florida. (Compl. ¶ 7.) Defendant 1-800-Flowers.com, Inc. is a Delaware corporation with its principal place of business in Carle Place, New York, and 800-Flowers, Inc. is a New York corporation with its principal place of business in Carle Place, New York. *See* 28 U.S.C. § 1332(c)(1) (stating that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principle place of business…").

10.     Fourth, the amount in controversy in this putative class action, as alleged in plaintiff's complaint, exceeds $5,000,000. Although the complaint does not specify the amount of damages plaintiff and the class seeks in total, it includes allegations that indicate the amount in controversy exceeds $5,000,000, exclusive of interests and costs. Plaintiff seeks "statutory damages of $100 a day for each day of violation or $1000, whichever is higher," for each member of the proposed class. (Compl. ¶¶ 69, 76.) In addition, Plaintiff alleges, "[o]n information and belief, Members of the Class number in the thousands." (Compl. ¶ 45.) Finally, 1-800-Flowers' records show that during the past two-year period, there have been more than 5,000 visits to its

website from IP addresses in Florida.  (**Ex. B** ¶ 2).  The amount in controversy therefore exceeds $5,000,000, exclusive of interests and costs.

## Other Requirements for Removal

11.     The United States District Court for the Southern District of Florida embraces the locality in which the State Court Action is now pending, making this Court a proper forum pursuant to 28 U.S.C. section 1446(a).  Miami-Dade County lies in the Miami Division of this Court.

12.     Pursuant to 28 U.S.C. section 1446(d), a copy of this notice is being served on counsel for plaintiff and a copy is being filed with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

13.     This notice is signed pursuant to Federal Rules of Civil Procedure Rule 11.

14.     A copy of the civil cover sheet is attached hereto.

This 21st day of May, 2021                                Respectfully submitted,

                                                          /s/ J. Douglas Baldridge
                                                          J. Douglas Baldridge
                                                          Florida Bar No. 0708070
                                                          Theodore B. Randles
                                                          Florida Bar No. 115790
                                                          VENABLE LLP
                                                          600 Massachusetts Ave., N.W.
                                                          Washington, D.C. 20001
                                                          Telephone: (202) 344-4000
                                                          Facsimile:  (202) 344-8300
                                                          Email:  jbaldridge@venable.com
                                                          Email:  tbrandles@venable.com

                                                          *Attorneys for Defendants*
                                                          *1-800-FLOWERS, Inc. and 800-*
                                                          *FLOWERS, Inc.*

## Certificate of Service

I hereby certify that a copy of the foregoing notice of removal will be served this day on counsel for Plaintiff Michael Fridman by U.S. Mail and e-mail at the addresses below.

Brian Levin
LEVIN LAW, P.A.
2665 South Bayshore Drive, PH-2B
Miami, Florida 33133
brian@levinlawpa.com

Avi R. Kaufman
KAUFMAN P.A.
400 Northwest 26th Street
Miami, Florida 33127
kaufman@kaufmanpa.com

                                    */s/ J. Douglas Baldridge*
                                    J. Douglas Baldridge